## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 17-21333 (JJT) |
| | ) | | |
| TAMMY MARIE ROSE, DEBTOR. | ) | CHAPTER | 7 |
| | ) | | |
| JOHN J. O'NEIL, JR., TRUSTEE, PLAINTIFF | ) | ADV. PRO. No. | 18-02022 (JJT) |
| V. | ) | RE: ECF Nos. | 1, 22, 25, 44, 50 |
| | ) | | |
| NICOLE M. ROSE and MAGDALENA CAMPLIN, DEFENDANTS. | ) | | |

### APPEARANCES

Jeffrey Hellman, Esq.                                                    Attorney for the Plaintiff
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510

Stephen T. Kulig, Esq.                                                   Attorney for the Defendants
Brigham & Kulig
69 Broad Street
Danielson, CT 06239

### SUPPLEMENTAL MEMORANDUM OF
### DECISION AFTER HEARING IN DAMAGES

In the Court's Memorandum of Decision After Trial of Adversary Proceeding

("Memorandum," ECF No. 50), the Court found that the Debtor[1] fraudulently transferred her

interests in 1065 Plainfield Pike and 1067 Plainfield Pike. The Court ordered that 1065 Plainfield

Pike be conveyed to the Trustee; however, because 1067 Plainfield Pike was sold to third parties,

---

[1] Unless otherwise noted, all capitalized terms have the same meaning as in the Memorandum.

the Court ordered the parties to appear at a hearing in damages to determine the value of the fraudulent transfer. On April 23, 2019, the parties appeared at the hearing in damages and stipulated to the admission of two exhibits. Exhibit 1 is a copy of the Closing Disclosure from the sale of 1067 Plainfield Pike. Exhibit 2 is a copy of the Settlement Statement, also from the closing. Both exhibits show that the Defendants received, after closing costs, $143,832.56.

Prior to the fraudulent transfer of 1067 Plainfield Pike, the Debtor co-owned the property with Magdalena Camplin as a joint tenant. Because of this, the parties agree that the Trustee is entitled to only half of the proceeds from the sale. The Defendants also argue that $282.56 in prepaid property taxes be credited against this amount. The Trustee did not object to this credit but stated that, consistent with the splitting of the proceeds, only half the property tax figure should be credited. The Court agrees with the parties' assessment of damages.

Therefore, the Court hereby supplements the Memorandum and ADJUDGES and DECREES that: judgment shall enter in favor of the Trustee and against the Defendants on Count II of the second amended complaint, avoiding the transfer of the Debtor's joint tenant interest in 1067 Plainfield Pike, Sterling, Connecticut as fraudulent and awarding damages to the Trustee in the amount of $71,775.00, which amount is subject to post-judgment interest at the federal judgment rate pursuant to 28 U.S.C. § 1961 after entry of judgment.

The Memorandum, as supplemented by this supplemental memorandum, is now a final judgment, order, or decree subject to statutory rights of appeal. A separate Judgment will enter on each count of the second amended complaint.

IT IS SO ORDERED at Hartford, Connecticut this 23rd day of April 2019.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*